UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATESOFAMERICA,
    Plaintiff,
   -vs-

CASE NUMBER: 9:18-CR-80148-RLR
JUDGE: ROSENBERG
MAGISTRATE JUDGE:  REINHART

MICHAEL PERKINS,
    Defendant.
_____/

## DEFENDANT, MICHAEL PERKIN'S SENTENCING MEMORANDUM AND MOTION FOR VARIANCE DEPARTURE

Before the Court for Sentencing will be Michael Perkins, who by and through his Defense Counsel,  submits this Sentencing Memorandum and Motion for Variance Departure. For the many reasons that follow, the Court is urged to impose a sentence that does not require incarceration and states the following:

## INTRODUCTION

The Court is faced with determining an appropriate sentence for Michael Perkins, who pled guilty to an Information charging One Count of .possession of child pornography involving a prepubescent minor or a minor who has not attained the age of twelve, in violation of Title 18, United States Code, Sections 2252(a)(B) and (b)(2).

This is the sole offense to which Mr. Perkins has pled guilty.  The information filed in this case in not about any other activities.  This  coupled with the fact that Michael Perkins has lived an exemplary life noteworthy in service to others: his family, his longtime employment and civic history clearly warrants a requested mitigation reduction to any sentence imposed by the Court.

-1-

Mr. Perkins has suffered severe damage.  Mr. Perkins has endured ongoing and relentless public ridicule and humiliation; he resigned his positions as President of the Board of Directors at his Homeowner Association,  a position he held for 10 years.  He relinquished total responsibilities as Scoutmaster of his unit at the Boy Scouts of America and any relationship he has  held for over 17 years with the organization; ; has had his reputation severely damaged; suffered significant financial repercussions and will carry a felony conviction with him the rest of his life.  Despite his world as he has known it coming to an abrupt halt, and before any plea agreement was entered, Mr. Perkins overcame significant obstacles and has continued to be the devoted father to his children, mentor to collegues,attempt to keep the company he has lead the past 30 years ongoing and continued to givie his time to others in need of advice and direction,

The uniqueness of Michael Perkins situation becomes immediately evident while listening to and viewing the  testimonials in the sentencing video  that have been provided to the Court that support Michael Perkins character, integrity and honesty over the course of his entire 41 years of  adult life, but for this single, isolated incident in the short span of January, 2018 thru March, 2018.  The video describes the same caring, compassionate, hard working individual, living a life of high integrity and commitment to his family and hard work that is similarly described by those who have known Michael Perkins for much longer.

The facts of this case make evident that is is clearly outside of the "heartland" of child pornography cases and a variance sentence that does not require incarceration is warranted in this case for a host of reasons.  The record is absolutely clear that Michael Perkins has had no prior criminal conduct with the exception of a couple of misdemeanors when he was a very

young adult almost 40 years ago. He has led a law abiding, family orientated, selfless hard working, charitably and purposeful life.  A sentence that does not require any period of incarceration is a sentence which complies with 18 U.S.C. 3553(a).

## LEGAL STANDARD FOR SENTENCING

The extraordinary circumstances of this case, including the history and characteristics of Michael Perkins, demonstrate quite clearly that a sentence of probation with a reasonable period of home confinement or a short period of incarceration  will be a more than adequate penalty in the sentencing of this matter for  the offense charged in the Information.  Since the Supreme Court's rulings in **Gall** and **Booker**,  District Court Judges have been given back their ability to exercise discretion in sentencing which had been taken from them by the mandatory application of the Sentencing Guidelines that have since been determined to be but one of the several factors that the Court is to consider under 18 U.S.C. 3553(a).

The Supreme Court held that a Sentencing Judge "may not presume that the Guidelines range is reasonable but must make an individualized assessment based on the facts presented."  The sentencing Judge could view the entirety of the circumstances including who the Defendant is and not rely solely on the Guidelines.

The Sixth Circuit, in reconsidering its decision following the Supreme Court's ruling in **Gall**, in **United States –v- Richard Bistline,** 665 Fed.3d 758, 762-64(6th Cir.2012) and citing from **Gall**, confirmed that lower District court's have the authority to "reject the Guidelines sentencing ranges based on articulated policy disagreements in a range of contexts." **United**

**States –v- Kamper,** 748 F. 3d 728,741 (6th Cir. 2014) and ruled that the Defendant received a sentence of five years imprisonment for case of receiving and distributing child pornography case, in which the sentencing guideline range was 262 to 327 months imprisonment with a twenty year maximum sentence for the offenses..

The Sentencing Memorandum urges the Court to adopt and follow the Sixth Circuit's opinion in **Bistline** and allow for a similar 12 month imprisonment followed by a 10 year supervised release supervisory probationary sentence with conditions in Michael Perkin's case. The facts surrounding Mr. Perkins, the multiple recognized and encouraged grounds for a variance or downward departure mandate this Court to exercise its discretionary power and follow the Sixth Circuit Court's view that a light prison sentence followed up with lengthy supervisory probation is an option for certain possession of child pornography cases. The single charge to which Michael Perkins has pled was of a short duration, was an isolated event and did not involve any significant amount of personal gain or result in any ultimate loss to the Government. It is evident that incarcerating Michael Perkins, is not necessary "to deter (him) from engaging in future (criminal) conduct or to protect the public from his criminal acts." Lengthy incarceration represents a sentence that is far greater than what is needed to address the statutory sentencing goals of 18 U.S.C. 3553(a). Michael Perkins does not need to go to jail in these circumstances or at worst not for a lengthy period of time.

**Pepper –v- United States,** 131 S.Ct. 1229 (2011) demonstrates a very compelling way why the Supreme Court rejected the mandatory application of the Sentencing Guidelines in **Booker** and returned discretion to the District Court " to consider every convicted person as an individual in every case as a unique study in human failings that sometimes mitigate, sometimes magnify,

the crime and punishment to ensure." **Pepper –v- United States,** 131 S.Ct. 1229, 1239-40(2011)(internal quotations and citations omitted).

The court went on to note that underlying this principle is the notion that " the punishment should fit the offender and not merely the crime."   The court stressed that " highly relevant if not essential to the selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics...permitting sentencing courts to consider the widest possible breath of information about a defendant ensures that the punishment will suit not merely the offense, but the individual defendant."

It is against this legal framework that the following information is provided to the Court to support the conclusion that a probationary sentence with conditions or a period of short incarceration with lengthy supervisory probation is indeed the appropriate sentence in this case.

## BACKGROUND OF MICHAEL PERKINS

Michael Perkins is a 59 year old who owns and operates a longstanding independent irrigation consulting business which is well known in the industry.  Michael has raised two sons: Christopher 27  & Trevor 24, teaching them valuable lessons on life, such as hard work, integrity and perseverance.  Notwithstanding the challenges over the past year, Michael has continued to focus on the welfare of his  children and each child has had significant accomplishments under the circumstances.

-5-

Michael Perkins is a devoted family man and father as confirmed by the sentencing video attached hereto. His children and grandchildren have endured public humiliation and ridicule but ultimately such life stress could not help his one son to not break sown physically and come down with a rare form of blood cancer. That is complicated by him being HIV positive. Michael still has kept his children his number one priority.

The Court, after reviewing the video provided to the Court should question how could such a person, spoken of so highly by so many end up in front of this Court facing a criminal charge?

### <u>MICHAEL PERKINS ADULT YEARS</u>

By the age of 23 Michael emerged from a series of tragedies, having absorbed an indelible life lesson of a near fatal accident and the loss of his father who he admired and respected (WWII combat veteran). Michael has lived a life of selfless devotion to others, helping his parents, especially his mother whom he became her primary caretaker after his father's death and cared for her up to her death from breast cancer. His care for his family members and siblings, especially his oldr brother whom he helped in raising his brothers's family and his older sister whom he assisted financially until she no longer was in threat of losing her home in foreclosure. His neighbors, that included advocating on their behalf in his capacity as an association board member to assist in helping them from losing their home to foreclosure by organizing repayment plans they could afford. He established a Neighborhood Volunteer Committee to assist his elderly neighbors, whom no longer held the means to comply with association covenant violations, to make the corrections for them, avoiding legal conflicts with the association. His thoughtfulness towards others including preparing a substantial home prepared dinner for a funeral reception of over 40 people for his close friend and neighbor who

has lost a son at age 21. He catered another neighbor's funeral reception, who was the janitor that Mr. Perkins supervised in his capacity as president of his homeowner's association and whose widow did not possess the financial resources. His support of his colleagues by working tirelessly in professionalizing his industry and, in one instance, bringing them all together with family and friends from all around the State, honoring one of the Titans in their industry who suddenly died at the age of 55. Mr. Perkins organized and underwrote the catering of the funeral reception for well oer 200 people. He was a quick study and through hard work built up a fine reputation in the irrigation consulting business. He became completely devoted to his industry and grew to become an advocate for the consumers of the State of Florida. He worked with local building officials and lobbied in Tallahassee for the passage of stricter regulations in his industry. His efforts culminated in the passage fo state wide irrigation codes that govern the tradecraft of his industry, the first such codes to exist in the United States. His efforts provided financial relief to new Homeowner Associations, throughout the State, previously straddled with the consequence of newly installed irrigation systems that were defective from inception. This couples with his conservations efforts resulted in heightened water conservation measures throughout the State of Florida, resulted in the protection of water resources for future generations. Through his service in the Boy Scouts of America, his tireless efforts and sincere desire to improve the lives of those participating in the program, left countless families with lifelong memories. Throughout his time within BSA, he was responsible for the administration of many facets of the organization with emphasis on leadership training, especially with adult leaders. He is responsible for overseeing the successful completion of over 20 young men to achieve the Eagle Scout recognition. He has,

-7-

during those years, given back to his community via significant service, working with numerous charities, including going door to door to collect food for local food banks.. His passion for the non-profit work is so strong that he is constantly challenged to get involved in helping those in need who he does not know.

## SUMMARY OF FACTORS THAT SUPPORT A VARIANCE AND /OR DEPARTURE TO A NON-INCARCERATIVE SENTENCE

The various factors that will be addressed in this Sentencing Memorandum which we believe are applicable in Mr. Perkins case include:

1. Mr Perkins crime represents aberrant behavior (5K2.20).

2. The last year has demonstrated impressive post offense rehabilitation and acceptance of responsibility. His behavior in pre-trial services has been exemplary (5K2.0).

3. The length of time that has passed since the offense conduct demonstrates that incarceration is not necessary in Mr. Perkins case (5K2.0).

4. Incarceration is not necessary to provide just punishment, to promote respect for the law or reflect the seriousness of the offense. (18 U.S.C.3553(a)(2)(A).

5. Incarceration is not necessary to protect the public from further crimes by Michael Perkins (18 U.S.C. 3553(a)(2)(C).

6. Incarceration is not necessary to provide any medical care or educational training (18 U.S.C. 3553(a)(2)(D).

7. Mr. Perkins has already been punished by the collateral consequences of the; loss of reputation in this community; loss of his financial future; loss of his ability to participate in

worthy community services; resignation from his homeowner association & non-profit
boards 5K2.0 and 18 U.S.C. 3553 (a)(1).

---

## MR. PERKINS CRIMINAL CONDUCT REPRESENTS ABERRANT BEHAVIOR

The offense conduct in this case is that from January, 2018 through March, 2018 , Mr.
Perkins batch downloaded child pornography over a year ago a couple of times
Unquestionably, the offense conduct is of a most limited nature. Mr. Perkins behavior is
truly aberrant behavior, a one-time event which must be weighed against a stellar life long
41 year career. Under 5K2.20, a departure may be granted "If the Defendant committed a
single criminal occurrence that (1) was committed without significant planning; (2) was of
limited duration; and (3) represents a marked deviation by the Defendant from an
otherwise law abiding life. Quite clearly, all three of those elements are present here. The
Eleventh Circuit has long recognized this departure (This ground for Variance /Departure
was recognized as an encouraged basis even pre-Booker). In **United States –v–
Winthrow**, 85 f.3D 527 (11TH Cir. 1996), the Court, addressing this issue for the first
time, held that

"We find persuasive the overwhelming weight of authority holding that a District
Court does have the discretion to depart downward after making a careful factual
determination that the Defendant's conduct constituted a single aberrant act. In accord
with our sister Circuits, we further conclude that such an act is not established unless the

-9-

Defendant is a first time offender and the crime was a spontaneous and thoughtless act rather than one which was the result of substantial planning."

Courts have found "aberrant behavior" in circumstances over a longer period of time and , Combined with several factors also present in this case, granted probation as the appropriate sentence.   In **United States –v- Howe,** 543 f. 3D 128 (3RD Cir.2008), the Court held that the Defendant's conviction after trial on two counts of wire fraud could be viewed as an "isolated incident" even though the conduct continued over a two year span because the Defendant otherwise led a lawful and honorable life (affirming the lower court's probationary sentence for, among other reasons, the Defendant led a lawful life, was a well regarded member of the community; expressed remorse at sentencing; was a devoted husband and father and made an isolated mistake).

By everyone's measure, Michael Perkins has been a law and abiding and honorable person.  The video that is  attached makes the case that he is a person of high integrity and morality and presents the true picture of who Michael Perkins is and makes the case that he is a person of high integrity and morality.   The single offense with which Mr. Perkins is charged stands in stark contrast to his otherwise exemplary life.  It is clear, therefore, that this offense conduct in this case represents aberrant behavior.

-10-

## THE  LAST  YEAR  HAS  DEMONSTRATED  IMPRESSIVE  POST OFFENSE REHABILITATION

The offense conduct in this case occurred in January, 2018 and ended in March, 2018. The A year that has since passed more than amply demonstrated very substantial and impressive post offense rehabilitation by Michael Perkins.

In addition, Mr. Perkins suffered extreme consequences of his actions: loss of a number of his business clients at his irrigation consulting business.; alienation from family members to whom he adores and loss of a meaningful and respectful relationship with his son; loss of his community standing as a treasured and invaluable asset to the South Florida Community; loss of his either Board Officer or Board of Director positions at some of the most highly regarded Charitable organizations  and Home Owner Associations in South Florida; loss of the ability to make a decent living.  All of the above, it is suggested, adequately demonstrates more than a year of substantial and impressive post offense rehabilitation that should persuade the Court that no period of incarceration is needed in Mr. Perkins case.

## INCARCERATION OF MICHAEL PERKINS  IS NOT NECESSARY WHEN CONSIDERING THE FACTORS UNDER 18 U.S. C. 3553(a)

It is no small matter that a year has passed since the offense conduct in this case.  It certainly could be argued that imposing any punishment this long after the fact, and particularly when considering the great work that Mr.Perkins has done in the last year, would not make much sense,  It is clear that incarceration of Mr.Perkins is not necessary to provide "just punishment" as just punishment would be a period of probation.  It is equally

-11-

clear that incarceration is not necessary to promote respect for the law or to reflect the seriousness of the offense.  It is beyond dispute that incarceration is not necessary to protect the public from further crimes by Michael Perkins.  Finally, Mr .Perkins  has already been punished by the collateral consequences of his loss of his being able to run his business; loss of reputation in this community;  and loss of respect and alienation from his son.

Any sentence of incarceration is greater than necessary to carry out the sentencing objectives set out in 18 U.S.C. 3553(a).  A period of home confinement followed by probation is an appropriate sentence in this case.

The goal of avoid sentence disparities, which was a principal motivating force for the enactment of the Sentencing Guidelines to begin with, remains a key sentencing factor under 18 U.S. C. 3553(a). See **United States –v-Collins, 5:14-cr-00279-1,** Northern District of Ohio**;** See **United States-v-Bistline,** 665 F.3d 758,762-64(6th Circuit, 2012)**;** See **United States –v-Dubin,** 2:2010mj30416, Michagan Eastern District Court;  See **United States-v- Zabala,** 300 Fed. Apprx. 792,795(11th Cir. 2008) and **United States –v- Ownes,** 464 F.3[rd] 1252(11TH Cir. 2006).; See **State of Florida-v- Epstein**., 50-2008-CF-009381-AXXX-MB and 50-2006-cf-009454-AXXX-MB, Palm Beach County,Florida.

The cases of note suggest that a probationary or short prison sentence  have been given to other Defendants  in child pornography  cases of far greater magnitude and relevant conduct. In **United States –v- Dubin,** E.D.Michigan the Defendant was given 1 day in jail followed by 5 years supervised release.  The sentencing guideline range was 97 to 120 month Federal prison. In Dubin it should be noted that several hundred to over 1,000

images were retrieved. Similar to our case in Dubin the FBI logged onto Dubin's computer thru P2P network. In **United States –v- Bistline**, So.Dist. Ohio, it took 3 sentencings after remand back to the trial court in order to give Bistline 12 months federal prison followed by 10 years supervised release. That case had a guideline range that fell 63-78 months incarceration. In **Bistline** he chose to download child pornography onto his computer "affirmatively, deliberately, and repeatedly at least a hundred times over, in a period exceeding a year." . In **United State-v- Collins**, No. Dist.Ohio, Collins was sentenced to 5 years federal prison even though the Government had asked for 20 years federal prison and his guideline range was 262 to 327 months incarceration. Mr. Perkins guideline range is 78-97 months which formulates to the Government asking for just about one third 1/3 the time that it sought in Collins which the Court reduced by 75%. In **State of Florida –v- Epstein,** , the federal government passed on charging Epstein in Federal Court and allowed him to be charged in Palm Beach County, Florida circuit criminal court due to cooperation with the FBI. Defendant was given one year of county jail followed by supervision- probation. The Epstein case relates to sophisticated and well planned child pornography crimes undertaken for significantly more time and manner than Mr. Perkins. Epstein had direct contact and heinous personal contact with over 40 minor girls who were minors.

Mr. Perkins acts are far less egregious. In light of the above case, a sentence of probation or small amount of prison would be appropriate to avoid unwarranted sentencing disparity with other Defendants found guilty of more egregious child pornography crimes, more

-13-

extensive conduct or otherwise more deeply responsible, than Michael Perkins. A downward variance is appropriate to avoid such a disparity. See 18 U.S.C. 3553(a)(6).

## MR. PERKINS POSES ABSOLUTELY NO RISK OF RECIDIVISM

Another statutory goal the Court considers in fashioning an appropriate sentence is: "The need to protect the public from further crimes of the Defendant." 18 U.S.C. 3553(a)(2)(c). Mr. Perkins has lived his entire life with no interaction with the criminal justice system prior to this case and poses no risk of recidivism. Mr. Perkins is a family man with two sons, and two grandchildren. Mr. Perkins while awaiting sentencing has also remained active in developing a strategy to assist in doing what he truly enjoys working at the most and that is assisting Charities. Mr. Perkins has been working diligently to fully rehabilitate himself since the commission of this offense. Mr. Perkins will fulfill any restitution obligations that the Court institutes. A sentence of imprisonment is not necessary to protect the public from Mr. Perkins.

## A SENTENCE OF IMPRISONMENT IS NOT NEEDED TO PROVIDE SPECIFIC OR GENERAL DETERRENCE

The sentence imposed by this Court should be sufficient, but not greater than necessary, to adequately deter criminal conduct. Unquestionably, the goal of specific deterrence has already been met in this case. Mr. Perkins publicized fall from grace and his ultimate plea of guilt has already brought extreme strain on him and his family. Mr.

Perkins has already suffered through over a year of fall-out from this case, he has lost the ability to serve as owner and run his prestigious irrigation consulting company.  Mr. Perkins has had his life ruined and will have a felony conviction follow him for the rest of his life. Mr. Perkins has been subjected to public humiliation and ridicule for the ongoing and  reported coverage of this tragic fall from grace on the part of a truly great civic minded individual.

The goal of general deterrence has been achieved by this  publicized disgrace. Because of the media coverage  has been so in the public domain, a general deterrence by others in engaging in the type of behavior surrounding this matter has been significantly heightened.    Any person, especially a businessman contemplating the type of action engaged by Michael Perkins or others involved in possessing child pornography  have been adequately deterred by the enormous cost, time, and outcome of one's life ruined.  A sentence of lengthy incarceration for Mr. Perkins  is not needed now, after a year, to reinforce the message. Probation or home confinement  or a short prison term is an effective sentence especially where Mr. Perkins  has made extraordinary strides on rehabilitating his life.. The Court does not need to unduly tax its citizens to house Mr. Perkins.

A sentence of probation or home confinement or short prison term  is sufficient but not greater than is necessary to satisfy the goals of sentencing.  The over arching provision of 18 U.S. 3553(a) is to impose a sentence sufficient but not greater than necessary to meet the goals of sentencing established by Congress.  The guidelines now reflect no more than a starting point for a sentence that should reflect an individualized assessment based upon

-15-

the facts presented. If a sentence other than a term of imprisonment would be sufficient to meet the statutory goals of the sentencing, then the Court should impose such an alternative as imprisonment would be "greater than necessary." In light of the facts and circumstances of this case as presented here, we respectfully submit that all of the sentencing goals listed in 3553(a) are adequately met by a sentence of probation, or home confinement or short prison term.

It is noteworthy that the Federal Sentencing Commission is discussing amendments to various of the sentencing guideline provisions to reduce the sentencing guidelines finding them too severe in certain cases. In August 2014, the Sentencing Commission initiated a comment period on consideration of modifying the sentencing guidelines for certain cases to adjust for the archaic and inflexible nature of the guidelines.

Federal district Court Judges, many of whom have expressed dissatisfaction with the inflexible nature of the current Guidelines table, have already begun citing the ABA proposal during sentencing for certain crimes. During sentencing in **United States –v- Rivernider,** 3;10-CR-222-rnc(D. Conn); and **United States-v- Livak,** 3:13-cr-00019-JCH(D.Conn), Judges Robert Chatigny and Janet Hall, respectively, deviated from more severe sentencing guidelines.

This Court is encouraged to likewise find that a substantial variance is warranted in Mr. Perkins case.

-16-

## <u>SUMMARY OF LETTERS AND SENTENCING VIDEO ATTACHED</u>

The sentencing video which is attached to this Sentencing Memorandum supports the grounds for variance to a non-incarcerative sentence or at worst a short prison sentence.

The  sentencing video can be divided into a few categories: (1) Great  Community supporter and noted involvement; (2) Family man; (3)Major Health issues concerning Michael Perkins son; (4) Positive efforts to change and continuing positive effects; (5) Defendant remorse; (6) Pleas for mercy.

Individuals have emphasized that Michael Perkins has had an indelible influence on the quality of their lives, he is a great supporter of our  So Florida  community.  He is a tremendous contributor  for our local charities and has  been so for the past 25 years.  Mr. Perkins has worked to benefit our community with  no sort of ulterior  motive, to Michael it has always been the organization that counted,  not his personal aggrandizement.  There are numerous accounts that he has served as   Scout leader or on a Board of Directors to our local charities and has done so on a PRO   BONO basis.

Numerous close relatives of Michael Perkins have come forward and explained what he has meant to them and  more importantly to his family.  Michael has been the rock, the father  figure  to and has nurtured and  developed his children who are a testament to his love, hard work and devotion to them.

It should be   noted that since **U.S.-v-Booker** and **U.S.-v- Kimbrough** the two Supreme Court opinions filed in 2005 and 2007 that found the federal sentencing guidelines advisory , not mandatory and as a result the courts have undercut child pornography sentencing guidelines when images are taken from P2P programs.  The study also found that the rate of known sexual recidivism

-17-

for nonproduction offenders was just 7.4%.. Mr.Perkins is not a threat to the greater community at large. Several of Michael Perkin's closest colleagues will   express first hand knowledge of how  Mr. Perkins has acted  properly in the past for many   years and how they see positive signs of change in Michael.

The sentencing video along with in Court summation discussion should favorably shine upon on Mr. Perkins in this  case.

You will be able to witness first hand, from the mouth of Michael Perkins his total and  heartfelt and honest remorsefulness for this tragic episode in his life and his sincere efforts to make a drastic and positive change not only to himself but to the world around him.

All of the personal interviews conducted on the sentencing video describe Michael Perkins as hard working; industrious; and honest.  Many attest to his commitment to family and to his community.  All acknowledge how much Michael has already suffered and what an exemplary and fine person Michael Perkins is.  Many have known Michael Perkins for years and all describe him as honest, considerate and loyal with a great deal of integrity. The history and characteristics of Michael Perkins described in the testimony several people gave in the sentencing video leave only one conclusion: **this case represents conduct that was impulsive, spontaneous and truly aberrant behavior when viewed against the backdrop of so many years of honorable living and hard work.**

Finally, family members paint the picture of a very decent, thoughtful and considerate man who has, for over this past year, had to deal with the fall-out from this tragic episode in his life.  Family members speak to Michael's care of his children; the challenging episodes in his life; his  love and

-18-

support of his family, his thoughtfulness and generosity and an entire life devoted to doing good things for all around him. Isn't the true measure of a person, the ultimate success of an individual's life the raising of one's children. Michael Perkins has helped raise 2 beautiful sons. Mr. Perkins younger child, his son Trevor, has gone on to become an honorable medical professional. His older son Christopher, is in the family irrigation consulting business in South Florida. They are out there helping our community trying to make it a better place just as Michael Perkins has done his entire life. Mr. Perkins children are following the teachings and Civic minded example their father etched into their being.

<b><u>CONCLUSION</u></b>

The grounds for downward variance are numerous: The offense; this conduct represents aberrant behavior; Mr. Perkins has demonstrated and continues to demonstrate quite remarkable post rehabilitative conduct; any period of incarceration will have an adverse effect on the community; his family and innocent third parties who can benefit greatly from Michael Perkins continued fundraising and general Charitable Organizational skills and the combination of other mitigating factors compels the conclusion that a non-incarcerative sentence or one of home confinement or a short prison term is appropriate. Mr. Perkins family and community are relying upon his continued availability to be a essential cog to our South Florida charities and to continue to be the family's rock.

Michael Perkins admits that he made a terrible mistake, a terrible error in sound judgment. It can be believed that if Mr. Perkins had truly understood the severe consequences of him downloading child pornography that this episode would not have occurred. Mr. Perkins will have to live with this mistake for the rest of his life. He will have a felony conviction, and loss of being able to run his irrigation consulting business that he had built from basement up over the past 30+ years will be

constant reminders of what he has done.  These penalties are severe and more than satisfy the need of

deterrence. The punishment that has already been suffered by Mr. Perkins is more than adequate to

address the sentencing objectives set forth in the United States Code.  Imposing a sentence on a fellow

human being is a formidable responsibility.  It requires a court to consider, with great care and

sensitivity, a large complex of facts and factors.


It is therefore respectfully suggested that Mr. Perkins be sentenced to a period of probation with

conditions the Court may find appropriate, including home confinement and community service or at

worst a short prison term..


Respectfully Submitted,


MICHAEL D. ORENSTEIN, ESQUIRE
Attorney for Defendant
3864 Sheridan Street
Hollywood,Florida33021
(954) 963-0100

BY: _____
MICHAEL D. ORENSTEIN, ESQUIRE
FL BAR NO:  472890


CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by HAND/MAIL/E-
FILE to:  CLERK OF COURT & OFFICE OF THE UNITED STATES ATTORNEY & U.S
PROBATION, United States District Court, Ft.Lauderdale, Florida, this ___14th___ day of February,
2019.


BY: _____
MICHAEL D. ORENSTEIN, ESQUIRE


-20-